IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Antrantrino Lee, ) | C/A No.: 1:25-cv-02641-SAL |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Warden Joseph, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, proceeding *pro se*, brought this action requesting a writ of habeas corpus pursuant to 28 U.S.C § 2241. This matter is before the court for review of the July 1, 2025 Report and Recommendation of United States Magistrate Judge Shiva V. Hodges (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.). In the Report, the magistrate judge recommends dismissal of the action pursuant to Fed. R. Civ. P. 41(b). [ECF No. 27 at 2.] Attached to the Report was the Notice of Right to File Objections. *Id.* at 4. Plaintiff did not file objections to the Report, and the time for doing so has lapsed.

**PROCEDURAL HISTORY**

Petitioner commenced this action by filing a petition for writ of habeas corpus on March 28, 2025. [ECF No. 1.] Respondents filed a motion to dismiss the case as moot on May 30, 2025. [ECF No. 20.] The court ordered Petitioner to file an adequate response to the motion by June 30, 2025. [ECF Nos. 21, 22.] On June 2, 2025, Petitioner provided the Clerk of Court with an updated mailing address, and the Clerk mailed a courtesy copy of the motion to dismiss and the order to the updated address. [ECF No. 23.] The order was later returned to the court as undeliverable. [ECF No. 24.] Because Petitioner has failed to provide the court with his current mailing address,

1

the court has no way of communicating with Petitioner. Furthermore, Petitioner failed to respond to the motion to dismiss. [ECF No. 29.]

## REVIEWING THE MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, and incorporates the Report by reference herein. Accordingly, the petition is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b). Respondent's motion to dismiss, ECF No. 20, should be terminated as **MOOT**. The Clerk is directed to send this order to Petitioner at his last known address of record and the address he provided to the court in a voicemail.

**IT IS SO ORDERED.**

August 1, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge